# (June 25, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES JIMINEZ, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 7, 1979 upon a verdict convicting defendant of the crime of obstructing governmental administration. On January 13, 1979, defendant and several others were involved in a general melee at an apartment in the City of Elmira and the police were called. The record contains evidence which establishes that the defendant and one Stephens physically abused and injured Officer Wardwell of the City of Elmira police. There is direct eyewitness testimony that as defendant was being taken from certain premises under arrest, he strenuously resisted and struck Officer Wardwell in his lower stomach ("just above his privates"). There is further evidence that Wardwell was immediately stunned and in pain and a short time later was hospitalized overnight because of stomach pain and other difficulties. Upon this record, it does appear that the District Attorney was warranted in proceeding against defendant for the felony charge of assault in the second degree. As now urged by defendant's attorney, it does appear that Stephens should also have been charged with the assault, but the record discloses no such "abuse of prosecutorial discretion" as would or could affect the integrity of the criminal process. Accordingly, that contention has no merit. The record is interesting as it details the complaint of the Public Defender that in his county attorneys at law are initially accepting retainers from defendants, but upon later finding that the case is difficult and that no additional funds are forthcoming from the defendant, are withdrawing, whereupon the court appoints the Public Defender as counsel. Under such circumstances, it does appear that defendants' rights are difficult to protect, but there was no prejudice to this defendant. Ordinarily, the sentence to be imposed is for the trial court to determine. However, in this case, it seems shocking to give the defendant additional jail time. The jury plainly rejected the contention that defendant caused Wardwell any serious injury or any assault at all. The fellow rioters and obstructors of justice involved in the general melee were not sentenced to any jail time. The presentence report recommended no jail time

and noted that defendant had been incarcerated pending trial for five days. Such time served is adequate punishment, together with the fine of $500 which was also imposed. Judgment modified, as a matter of discretion in the interest of justice, by reversing so much thereof as imposes a term of 60 days' incarceration and by sentencing defendant to time already served, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.